■ In the Matter of DONALD W. CHICHESTER, Appellant, v ELIZABETH A. KASABIAN, Respondent. (And Another Related Proceeding.) [919 NYS2d 600]—

Peters, J.P.

Pursuant to a January 2004 order entered on consent, the parties agreed to share joint custody of their five children, with respondent (hereinafter the mother) having primary physical custody and petitioner (hereinafter the father) receiving visitation as mutually agreed. Shortly thereafter, the mother relocated with the children to Louisiana. In June 2006, the father filed petitions to modify and enforce the prior visitation order. Family Court determined that it no longer had jurisdiction over the parties' custody and visitation disputes (see Domestic Relations Law § 76-a [1] [a]) and dismissed the petitions. No appeal was taken from that September 2006 order. In June 2008, the father commenced the instant modification and violation proceedings. Family Court again dismissed the petitions for lack of jurisdiction, prompting this appeal by the father.

We affirm. Having previously determined that it no longer had continuing exclusive jurisdiction, Family Court could only modify the prior visitation order if it had jurisdiction to make an initial custody determination (see Domestic Relations Law § 76-a [2]). Pursuant to Domestic Relations Law § 76, a New York court has jurisdiction to make an initial determination "only if . . . this state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding" (Domestic Relations Law § 76 [1] [a]). Home state is defined as "the state in which a child lived with a parent or person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding" (Domestic Relations Law § 75-a [7]). Here, inasmuch as the subject children have lived with the mother in Louisiana since 2004, well over six months prior to commencement of these proceedings, Family Court lacked jurisdiction to make an initial determination (see Domestic Relations Law § 76 [1] [a]; Matter of DelGallo v DelGallo, 56 AD3d 1213, 1214

[2008], *lv dismissed and denied* 12 NY3d 871 [2009]). Accordingly, the petitions were properly dismissed.

Spain, Rose, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.